refused this, saying it would impute to this jury improper conduct.
Whereupon plaintiff suffered a nonsuit, and moved afterwards it should be set aside, and cited Co. Litt., 157, to show that a juror who had once tried the cause or matter in dispute between the same parties or others could not try it again. Here the parties were the same, and the point the same as in the other cause, namely, whether fifteen or sixteen years acquiescence after the last acknowledgment of a debt due upon bond is sufficient to raise the presumption of payment. Your Honor left it to the other jury to declare in the affirmative, and they did so. Plaintiff's counsel conceives it to be a rule that if the plaintiff suffer a nonsuit out of a deference to the Court's opinion, and that is wrong, that the Court is bound to grant a new trial. 1 Bl. Re., 670; 2 Bl. Re., 698; 2 Bl. Re., 1228. And what prospect could the plaintiff have in submitting his cause to a jury who had just (239) determined against him the very point they had already passed upon in the other? — a point which it is conceived they determined improperly, because of a wrong direction given by the Court. It could not be known by plaintiff's counsel that he could obtain a new trial. It would have been madness to have risked a new trial, the jury and Court being both against his client, when the counsel was satisfied that an another time, when the law could be properly understood, his client would recover. It is not the rule that fifteen or sixteen years is sufficient to raise the presumption of payment. It is that which JOHNSTON, J., laid down some time ago at WILMINGTON, in Quince v. Ross. Whereas the Court here took up the idea broached by Mr. Brown, that the rule of presuming payment after twenty years was when interest was at 5 per cent; so that the presumption arose as soon as the interest equalled the amount of the principal; and that was done in this country at the end of sixteen years and a few months. Presuming payment from time was begun in the term of Lord Hale, when interest was at 8 per cent. *Page 222 
The case in 6 Mo., 221, in the second year of Queen Ann, is prior to the reduction of interest to 5 per cent.